**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Luis Martin Mendoza Torres,<br><br>Petitioner<br>v.<br><br>John Mattos, et al,<br><br>Respondents | Case No.: 2:26-cv-01430-JAD-DJA<br><br>**Order Granting Amended Habeas Petition and Directing Respondents to Provide a Bond Hearing**<br><br>[ECF No. 7] |

Petitioner Luis Martin Mendoza Torres is a Mexican citizen who entered the United States without inspection in 2000 and has lived in this country ever since. He was arrested by local law enforcement for domestic battery and battery by a prisoner in January and was transferred to immigration custody on January 26, 2026. An immigration judge (IJ) denied his request for release on bond, finding that he was subject to mandatory detention under the Laken Riley Act (LRA) for his battery-by-a-prisoner charge. Mendoza Torres's appeal before the Board of Immigration Appeals (BIA) remains pending, and he remains detained.

Mendoza Torres seeks a writ of habeas corpus, alleging that his battery-of-a-prisoner charge doesn't qualify as a crime for which mandatory detention is required and that his prolonged detention violates his due-process rights. Because I find that Mendoza Torres's lengthy detention without a constitutionally adequate bond hearing violates due process and because he is entitled to a bond hearing at which the government bears the burden to show by clear-and-convincing evidence that he is a danger or flight risk, I grant the petition and order a new bond hearing.

## Background

Luis Mendoza Torres was born in Mexico and came to the United States in 2000, when he was five years old.[1] He has lived in New Mexico and Nevada since then, has maintained consistent employment, and shares two sons with his U.S. citizen girlfriend.[2] On January 24, 2026, Mendoza Torres was arrested on charges of domestic battery and battery by a prisoner.[3] The prisoner-battery charge is based on the allegation that he spit on the officer who arrested him for his domestic-battery charge.[4] He posted bail for those state charges, but instead of being released he was transferred to immigration custody on January 26, 2026.[5]

Mendoza Torres twice sought release on bond in immigration court. At the first hearing, the IJ determined that she didn't have sufficient information on his pending charges, so his counsel withdrew the bond motion and the IJ continued the hearing. On April 20, 2026, Mendoza Torres again asked for bond. After hearing arguments regarding Mendoza Torres's potential dangerousness, the IJ instead concluded that he was subject to mandatory detention under 8 U.S.C. § 1226(c) as amended by the LRA because his battery-by-a-prisoner charge fell under the statute's application to persons charged with "assault of a law enforcement officer."[6] The IJ did not make a dangerousness or flight-risk finding.[7] Mendoza's appeal of that determination remains pending.[8]

---

[1] ECF No. 8 at 4.

[2] *Id.*

[3] ECF No. 8-2 at 2.

[4] *Id.* Mendoza Torres "absolutely denie[s] these facts." ECF No. 8 at 5.

[5] ECF No. 8-1 at 3, 7.

[6] ECF No. 8-5 at 2; ECF No. 8-6.

[7] *Id.*

[8] ECF No. 8-7.

## Discussion

### A. This court has jurisdiction over Mendoza Torres' claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[9] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[10]

### B. The government's exhaustion argument is unavailing.

The government argues that Mendoza Torres' petition should be dismissed because the appeal before the BIA remains pending and it is necessary to generate a full record and reach a proper decision.[11] It cites to the Ninth Circuit's opinion in *Leonardo v. Crawford*[12] to contend that if petitioner "is dissatisfied with the BIA's decision," he may file a petition for habeas corpus afterwards, but until his administrative remedies are exhausted, Mendoza Torres is "attempting to shortcut the administrative process by bypassing the BIA."[13] In *Leonardo*, the petitioner sought habeas review before he appealed the IJ's adverse bond determination to the BIA.[14] The panel held that the petitioner's "short cut was improper" and concluded that, if "a petitioner does not exhaust administrative remedies, a district court ordinarily should either

---

[9] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[10] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[11] ECF No. 13 at 2–6.

[12] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[13] ECF No. 13 at 2.

[14] *Leonardo*, 646 F.3d at 1160.

dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."[15]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[16] "A court may waive the prudential-exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[17] Mendoza Torres argues that the purely legal question of whether the LRA was unconstitutionally applied is beyond the authority of the BIA and exhaustion would be futile.[18]

I find that full exhaustion of remedies would be futile here. Even if the BIA overturns the IJ's denial of bond, judicial review will likely be required on the issue of whether Mendoza Torres was denied his constitutional right to challenge mandatory detention under the LRA as applied. Because appealing the outcome of his bond-redetermination request would be futile under the government's asserted detention authority, I waive the prudential-exhaustion requirement.

**C. Mendoza Torres is not subject to mandatory detention under § 1225(b).**

The government asserts that Mendoza Torres is lawfully detained under § 1225(a), (b)(1), and (b)(2)(A) as an applicant for admission, whether he entered at a port of entry or not.[19] I,

---

[15] *Id.* at 1160.

[16] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[17] *Hernandez*, 872 F.3d at 988 (cleaned up) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[18] ECF No. 14 at 4.

[19] ECF No. 13 at 6.

along with hundreds of federal courts and most circuits, have rejected the government's attempt to fit petitioners like Mendoza Torres—who have lived in the United States for years—into § 1225(b)(2)'s detention framework for noncitizens apprehended while attempting to gain entry to the country at the border.[20] I adopt that same reasoning here and find that, to the extent that his mandatory detention is governed by § 1225(b)(2), it exceeds the government's statutory authority.

**D. Mendoza Torres was not given the opportunity to contest the IJ's mandatory-detention finding.**

8 U.S.C. § 1226(c) requires mandatory detention for noncitizens who have committed specifies crimes.[21] In early 2025, the President signed into law the LRA, which expands the list of crimes for an inadmissible noncitizen that is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of" crimes including the "assault of a law enforcement officer, or any crime that results in the death or serious bodily injury to another person[.]"[22] Assault of a law enforcement officer has the meaning given to it by the jurisdiction in which the act occurred, in this case, Nevada.[23]

---

[20] *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 14 (1st Cir. 2026); *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 920 (7th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 78 (2d Cir. 2026), *cert. granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026); *Lopez Garcia v. Guadian*, 190 F.4th 305, 330 (4th Cir. 2026).

[21] 8 U.S.C. § 1226(c).

[22] 8 U.S.C. § 1226(c)(1)(E)(ii).

[23] 8 U.S.C. § 1226(c)(2).

Count I of Mendoza Torres's criminal complaint charges that in January 2026, he used force or violence by spitting on an officer in violation of NRS 200.481(2)(f) after he was arrested at his home.[24] Under that statute, battery is defined as the "willful and unlawful use of force or violence,"[25] and an "officer" includes a "jailer, guard, matron or other correctional officer of a city or county jail or detention facility."[26] If the battery is committed by "a prisoner who is in lawful custody"[27] and "whether or not substantial bodily harm results," it is a category B felony.[28] Mendoza Torres has yet to be arraigned on the charges, and a bench warrant was issued when he failed to appear because he was in immigration custody.[29]

The transcript from Mendoza Torres's second bond hearing reflects that his counsel argued for bond because the charges are disputed and he has not been convicted and because he is not a danger to the community or a flight risk. The government responded that Mendoza Torres has "an extensive criminal history" and he is a danger to the community. In response, the IJ asked if Mendoza Torres was subject to mandatory detention under the LRA, and the government agreed without further discussion.[30]

---

[24] ECF No. 8-2 at 2.

[25] Replicating California's battery statute, the force does not need to be violent or severe and can include spitting or throwing a cup of urine in a person's face. *Hobbs v. State*, 251 P.3d 177, 180 (Nev. 2011) (collecting cases).

[26] Nev. Rev. Stat. § 200.481.1(a), (i)(4).

[27] The "in custody" requirement applies in the criminal context only. *State v. Javier C.*, 289 P.3d 1194, 1196 (Nev. 2012).

[28] Nev. Rev. Stat. § 200.481(2)(f).

[29] ECF No. 8-3 at 4. Mendoza Torres also argues that the LRA is unconstitutional as applied to him because he has not been convicted of the crime he is charged with. Because I grant the petition on other grounds, I need not and do not address that argument.

[30] ECF No. 9 (Ex. 6, manually filed with the court).

But an IJ is not "bound by the Service's decisions" when reviewing whether a noncitizen is inadmissible under the LRA.[31] If a detainee claims that he is not covered by § 1226(c), a "*Joseph* hearing is immediately provided" so that he may contest that status.[32] But Mendoza Torres never got the chance to have that hearing. The IJ concluded, at the end of the bond hearing and without any foundation from the government, that Mendoza Torres was subject to mandatory detention under the LRA because of his battery-by-a-prisoner charge.[33] No finding of dangerousness or flight risk was made. I find that the failure to allow Mendoza Torres to at least argue against mandatory detention violated his due process rights.

**E. Noncitizen detainees are entitled to due process in immigration proceedings.**

The government argues that Mendoza Torres is subject to mandatory detention, but if found otherwise, a bond hearing is the appropriate remedy and not release. The government argues that the burden is on the noncitizen seeking redetermination to show that they should be released on bond.[34] Because I find that Mendoza Torres's detention without a bond hearing at which the government bears the burden to show by clear-and-convincing evidence that he is a danger or flight risk violates due process, I grant the petition and order a bond hearing.

In *Demore v. Kim*, in which the Supreme Court rejected a facial challenge to § 1226(c),[35] the Court left open "the question [of] whether prolonged detention under § 1226(c) without a bond hearing will *at some point* violate an individual detainee's due process rights."[36] In his

---

[31] *Matter of Joseph*, 22 I. & N. Dec. 799, 799 (B.I.A. 1999).

[32] *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003).

[33] ECF No. 8-6 at 3.

[34] ECF No. 13 at 8.

[35] *Avilez v. Garland*, 69 F.4th 525, 527–28 (9th Cir. 2023).

[36] *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024).

concurrence, Justice Kennedy explained that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."[37] And the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional" or that our country's founders would approve of this practice.[38] So the government's argument that Mendoza Torres should not get a bond hearing because he is not statutorily entitled to one is not dispositive if Mendoza Torres contends that it is the Constitution, not the statute, that demands that he get a hearing. The government also fails to address *Martinez v. Clark*, in which the Ninth Circuit endorsed the district court's decision to order a bond hearing for a § 1226(c) detainee under the due-process clause.[39]

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[40] But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[41] Courts in this district apply the three-factor test outlined in the Supreme Court case *Mathews v. Eldridge*[42] to determine whether a noncitizen's procedural due-

[37] *Demore*, 538 U.S. at 532 (Kennedy, J., concurring).

[38] *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

[39] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[40] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[41] *Id.* at 1206.

[42] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

process rights have been violated in immigration-detention situations like this one.[43] Under *Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[44]

**E. Mendoza Torres's ten-month detention without due process warrants relief.**

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[45] Mendoza Torres has been detained for approximately ten months. But when evaluating Mendoza Torres's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[46] It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[47] Here, Mendoza Torres has not received a bond hearing at which the IJ considered his dangerousness or flight risk and he has been held without the opportunity to challenge the IJ's LRA finding. So I find that the deprivation of Mendoza Torres's liberty interest weighs in favor of relief.

There is a substantial risk of erroneous deprivation of Mendoza Torres's interests due to the government's reliance on § 1226(c)'s mandatory-detention scheme. He has been detained

---

[43] *Morales v. Mullin*, 2026 WL 1623189, at *3 (D. Nev. June 5, 2026) (using the *Mathews* test to determine if the due-process rights of a person detained under § 1226(c) were violated).

[44] *Mathews*, 424 U.S. at 335 (cleaned up).

[45] *Rodriguez Diaz*, 53 F.4th at 1207.

[46] *Id.* at 1208.

[47] *Id.*

since the beginning of this year without a fair opportunity to seek bond. I thus find that Mendoza Torres faces a severe risk of erroneous deprivation of his liberty interest absent these procedures, so the second *Mathews* factor also weighs in favor of habeas relief.

It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[48] But I cannot conclude that the government's interests outweigh Mendoza Torres's interests in this case. The parties' interests are not mutually exclusive: the government's interest in enforcing immigration law and protecting the public from dangerous noncitizens can still be served while also providing due-process protections to the noncitizens in its custody. Indeed, the IJ can assess the noncitizen's dangerousness or lack thereof in a constitutionally adequate bond hearing. So, I hold that the government violated Mendoza Torres's due-process rights when it deprived him of a bond hearing for ten months.

**F. DHS must give Mendoza Torres a bond hearing at which the burden will be on the government.**

To redress his constitutionally deficient detention, Mendoza Torres argues that "while providing Mr. Mendoza Torres with a bond hearing would place only a minimal burden on the government, the denial of a bond hearing imposes a substantial burden on Mr. Mendoza Torres —who has already endured months of incarceration based solely on criminal charges that he cannot defend against given his ongoing detention."[49] He asks for "a constitutionally adequate bond hearing" at which the government bears the burden to demonstrate that "his continued

[48] *Rodriguez Diaz*, 53 F.4th at 1208.

[49] ECF No. 7 at 13.

detention is warranted."[50] While the Ninth Circuit ruled in *Rodriguez Diaz v. Garland* that the government does not bear the burden in a second bond hearing, the Ninth Circuit subsequently implied in *Martinez v. Clark* that the burden is on the government to prove by clear-and-convincing evidence that a noncitizen is a danger to the community or a flight risk in an initial bond hearing.[51] Courts in this district have held that that the government bears the burden in § 1226(a) cases in which detainees never received a constitutionally adequate bond hearing.[52]

I find that the risk of erroneous deprivation of Mendoza Torres's liberty interest is high without a bond hearing, and I conclude that the burden at that hearing should be on the government to show that he is a threat or a flight risk.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Luis Martin Mendoza Torrres's first amended petition for a writ of habeas corpus **[ECF No. 7] is GRANTED in part**. Respondents must schedule a bond hearing for Mendoza Torres with an immigration judge within the next 21 days, at which the burden will be on the government to show that he is a danger to the community or a flight risk. If the respondents do not provide a bond hearing within 21 days, they must release Mendoza Torres on appropriate conditions of release from detention by 5:00 p.m. PDT on the 22nd day following entry of this order. The first amended petition is otherwise denied.

---

[50] *Id.*

[51] *Romero Estrada v. Mattos*, No. 2:26-CV-00425-ART-NJK, 2026 WL 996929, at *4 (D. Nev. Apr. 13, 2026) (citing *Rodriguez*, 53 F.4th at 1203, and *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024)).

[52] *Id.* at *3 (collecting cases disagreeing with *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 217 (BIA 2025)).

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

The Clerk of Court is directed to **CLOSE THIS CASE**.

U.S. District Judge Jennifer A. Dorsey
November 9, 2026